IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BEV NELSON, as mother and next friend
of M.C., a minor child, et al.,**

          **Plaintiffs,**

vs.                                                      Civ. No.  07-1027 JH/RHS

**BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS and NEW MEXICO PUBLIC
EDUCATION DEPARTMENT,**

          **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Albuquerque Public Schools' Motion for Summary Judgment on Plaintiffs Herreras' Claims* [Doc. No. 110].  APS moves for summary judgment on three grounds: (1) Dana Sawyers-Herrera and Miguel Herrera's ("the Herreras") claims for future injunctive relief are moot because their child, J.H., is no longer enrolled at APS; (2) there is no genuine issue of material fact on the Herreras' claim for discrimination based on peer harassment; and (3) the IDEA claims should be dismissed for failure to exhaust administrative remedies.  The third issue has already been decided, *see Memorandum Opinion and Order* entered January 7, 2009 [Doc. No. 185], and is therefore moot.  As for the first two issues, the Court will deny the motion for summary judgment on mootness grounds and grant the motion with regard to discrimination based on peer harassment.

### DISCUSSION

**I.**       **MOOTNESS**

APS does not dispute that J.H. still lives within the boundaries of APS and that he remains eligible for special education services for several more years.  However, his parents have removed

him from APS and placed him at a private school. In their depositions, both of the Herreras indicated that the private school is expensive and that it would be their preference to return J.H. to APS, provided the situation there improved for J.H. Based on the foregoing, APS argues that the Herreras' claim for future injunctive relief is moot because they have no present intention to return their son to APS. The Court disagrees.

In *T.S. v. Indep. Sch. Dist. No. 54*, 265 F.3d 1090 (10th Cir. 2001), and *Moseley v. Bd. of Educ. of Albuquerque Public Schs.*, 483 F.3d 689 (10th Cir. 2007), the Court of Appeals for the Tenth Circuit emphasized two factors that, when both present, suggested mootness in the IDEA context: (1) the claimant has graduated from high school and thus has become ineligible to receive continuing benefits under IDEA; and (2) the claimant seeks prospective relief. *See T.S.*, 265 F.3d at 1092; *Moseley*, 483 F.3d at 692-94. As the Tenth Circuit has recently clarified, "[w]hen both factors are present, any court decision on the merits in those cases would ... have no effect on the present or future actions of either party because the only relief sought is relief that the student can no longer-and in most instances, need no longer-receive." *Garcia v. Bd. of Educ. of Albuquerque Pub. Sch.*, 520 F.3d 1116, 1124 (10th Cir. 2008) (citing *Moseley*, 483 F.3d at 693 and *Honig v. Doe*, 484 U.S. 305, 318 (1988)) (internal quotations omitted).

In the case of J.H., the first condition listed above is not met because he remains statutorily eligible to receive IDEA benefits. In addition, he seeks prospective relief, asserting that he is entitled to future benefits. In both *T.S.* and *Moseley*, the Tenth Circuit implied that such a claim would likely not be moot. "And for good reason: after all, if a student has not graduated and is still eligible to receive IDEA benefits in the future, seeking future-oriented relief is hardly a moot point." *Garcia*, 520 F.3d at 1124. The Herreras raised these arguments in their response brief but APS

failed to reply to them. The motion for summary judgment on this issue will be denied.[1]

## II.    PEER HARASSMENT

APS moves for summary judgment on the Herreras' claim for discrimination based on alleged peer harassment stemming from his disability. According to APS, there is no genuine issue of material fact on this claim because the Herreras cannot come forward with evidence to support every element of the cause of action. In response, the Herreras contend that they are not asserting a legal claim for peer harassment. Rather, the Herreras contend that APS has discriminated against autistic students, including J.H., on the basis of their disability by failing to properly train its educators on autism and provide the proper infrastructure, resources, and planning for the education of autistic students. According to the Herreras, the peer harassment that J.H. experienced is merely symptomatic of APS' inadequate provision of services to those with autism. Thus, the Herreras do not oppose entry of summary judgment on a claim of peer harassment because they contend they have not asserted that claim. APS argues that the Herreras should not be permitted to circumvent the stringent requirements of a peer harassment claim by casting is as discrimination.

It is true that on its face the First Amended Complaint does not appear to assert a legal claim for peer harassment. The Court concludes that, to the extent that the First Amended Complaint may be construed to contain such a claim, APS's motion is unopposed and it is entitled to summary judgment on that claim. At this time, the Court expresses no opinion as to whether evidence of alleged peer harassment of J.H. would be admissible at trial on the Plaintiffs' remaining discrimination claim.

---

[1] This ruling applies to any claim for future relief under the ADA and the Rehabilitation Act, if any, that survived the Court's January 7, 2009 ruling on Plaintiffs' failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that *Albuquerque Public Schools' Motion for Summary Judgment on Plaintiffs Herreras' Claims* [Doc. No. 110] is **GRANTED IN PART** and **DENIED IN PART** as described above.

_____
**UNITED STATES DISTRICT JUDGE**