IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BEV NELSON, as mother and next friend
of M.C., a minor child, et al.,

                Plaintiffs,

vs.                                Civ. No.  07-1027 JH/RHS

BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS and NEW MEXICO PUBLIC
EDUCATION DEPARTMENT,

                Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *APS' Motion and Memorandum Brief in Support of Summary Judgment On The Claims of New Plaintiffs Added In The First Amended Complaint* [Doc. No. 153]. After reviewing the briefs and the evidence submitted by the parties, the Court concludes that the motion should be granted and final judgment should be entered in favor of the Defendants.

## FACTUAL AND PROCEDURAL HISTORY

The Court has set forth the facts of this case in prior Memorandum Opinions and Orders [Doc. Nos. 94, 185, 187, 188, and 191], and incorporates those discussions herein.

On September 7, 2007, Plaintiffs filed their *Class Action Complaint for Injunctive Relief and Damages* [Doc. No. 1] in New Mexico state district court, asserting that Defendants Board of Education of Albuquerque Public Schools ("APS") and New Mexico Public Education Department ("NMPED") had engaged in systemic discrimination against children with autism, depriving them of the full school days and full school years of education and services to which they are entitled. Plaintiffs, who are parents of children with autism spectrum disorder who are eligible for educational services within APS, asserted three claims: violation of their children's right to a free,

appropriate public education under the Individuals With Disabilities Education Act ("IDEA"), and unlawful discrimination on the basis of disability under the Americans With Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act.  The following month, the Defendants removed the case to this court.

In a Memorandum Opinion and Order entered July 23, 2008 [Doc.  No. 94], the Court permitted Plaintiffs to amend their complaint to add additional plaintiffs and clarify their claims, and it granted Defendant APS' motion to dismiss Plaintiffs' claim for parental lost wages under the IDEA.  In a subsequent Memorandum Opinion and Order [Doc. No. 185], the Court dismissed all of Plaintiffs' claims against both Defendants under the IDEA for failure to exhaust administrative remedies and denied Plaintiffs' motion to certify a class action.  The Court noted that Plaintiffs' pure discrimination claims under the ADA and Section 504 of the Rehabilitation Act remained pending. *Id*. at 11 n.4.  *See also Order* entered March 31, 2009, Doc. No. 187 at 1.  Then, in a Memorandum Opinion and Order entered on September 30, 2009, the Court addressed the Plaintiffs' remaining discrimination claims.  The Court concluded that Plaintiffs had failed to demonstrate a genuine issue of material fact as to whether Defendant APS had discriminated against Plaintiffs and their children generally, and as a group, as autistic students within APS, and dismissed that portion of their discrimination claims under the ADA and the Rehabilitation Act.  The Court reserved the question of whether APS had discriminated individually against any of the newly added student-plaintiffs on the basis of their autism.[1]  That question is addressed in the motion currently before the Court.

---

[1] In its September 30, 2009 Memorandum Opinion and Order, the Court granted Plaintiffs' motion to strike certain exhibits filed in support of APS' motion for summary judgment on the discrimination claims of the plaintiffs added in the First Amended Complaint. *See* Doc. No. 191 at 8-9.  However, the Court permitted APS to cure the defect in those exhibits, and APS has done so.  Accordingly, the motion before the Court is now ripe for review.

2

## LEGAL STANDARD

Summary judgment generally is appropriate when a court determines that "'there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law.'" *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993) (citation omitted).  Under Rule 56(c), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. A defendant seeking summary judgment bears the initial burden of showing the absence of a genuine issue of material fact, including a lack of evidence supporting the plaintiff's claims. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir.1998).  If the defendant meets that burden, the plaintiff cannot rest on his pleadings; rather, "the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.* at 671. In other words, the plaintiff must go beyond the pleadings and "designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Phillips v. Calhoun*, 956 F.2d 949, 951 n. 3 (10th Cir. 1992).

## DISCUSSION

Many of the issues raised and discussed in the motion for summary judgment before the Court have already been decided.  For example, with regard to the question of whether each of the students added in the First Amended Complaint has been denied a FAPE in violation of the IDEA, it is undisputed that each of those plaintiffs has failed to exhaust administrative remedies, and the

IDEA claims have been dismissed.  Further, the Court has granted summary judgment to APS on Plaintiffs' claim that it has discriminated against autistic students as a group by excluding them from benefits or services.  Thus, all that remains is the issue of whether APS has discriminated against any of the individual students added in the First Amended Complaint.

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Regulations promulgated under the ADA forbid public entities such as APS from denying a disabled person "the opportunity to participate in services, programs, or activities that are not separate or different, despite the existence of permissibly separate or different programs or activities."  28 C.F.R. § 35.130(b)(2).  The regulations also require public entities to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).  "Title II of the ADA adopts the substantive standards of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. . . . The regulations promulgated under section 504 generally conform to the standards established by the IDEA . . ."  *Urban v. Jefferson County Sch. Dist.*, 89 F.3d 720, 727-28 (10th Cir. 1996) (internal citations omitted).

A prima facie case of discrimination in violation of Section 504 of the Rehabilitation Act or the ADA consists of proof that (1) plaintiff is handicapped under the Act; (2) he is "otherwise qualified" to participate in the program; (3) the program receives federal financial assistance; and (4) the program discriminates against plaintiff.  *Woodman v. Runyon*, 132 F.3d 1330, 1337 (10th Cir.1997).  *See also Doe v. University of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264-65 (4th Cir.

4

1995) ("In order to establish a violation of either of these statutes, a plaintiff must prove: (1) that he has a disability; (2) that he is otherwise qualified for the employment or benefit in question; and (3) that he was excluded from the employment or benefit due to discrimination solely on the basis of the disability."). The Tenth Circuit has found that in order to recover for such discrimination under either statute, a plaintiff must make a showing of intentional discrimination.[2] *Powers v. MJB Acquisition Corp*., 184 F.3d 1147, 1153 (10th Cir. 1999). In order to make that showing, the plaintiff need not demonstrate malice or ill will. Rather, intentional discrimination may be inferred when a policymaker acts with at least deliberate indifference to the strong likelihood that a violation of federally protected rights will result from a particular action. *Id*. (citing *Bartlett v. New York State Bd. of Law Examiners*, 156 F.3d 321, 331 (2d Cir. 1998), *vacated on other grounds*, 527 U.S. 1031, 119 S.Ct. 2388 (1999)).

In its motion, APS discusses each of the seven Plaintiffs added in the First Amended Complaint and argues that there is no evidence to support a claim of discrimination for any individual Plaintiff. In response, Plaintiffs deny that any of them are making any claims that APS discriminated against them as individuals. Instead, Plaintiffs argue that "[t]he claims of the families is the unified claim brought in the lawsuit . . ." Doc. No. 160 at 2. Plaintiffs reject what they characterize as "clear attempts to balkanize Plaintiffs' claim" because "[t]he collective stories of Plaintiff children show a pattern." *Id*. at 19; *see also id.* at 20. Thus, it would appear that Plaintiffs are not asserting any claims that APS discriminated against them as individuals, and for that reason APS is entitled to summary judgment to such claims to the extent that the First Amended Complaint may be construed to contain them. According to Plaintiffs, they contend only that APS

_____

[2] Plaintiffs state that their discrimination claim is not based upon a theory of "disparate impact." Doc. No. 160 at 30.

discriminated against them as a group by excluding them from full-time educational services because of their autism.  As previously noted, the Court has already found that Plaintiffs have failed to come forward with evidence to create a genuine issue of material fact on that claim.

Plaintiffs also argue that APS has failed to provide adequate references to the record to support its contention that there is an absence of genuine issue of material fact.  However, APS does not have that burden–it need not negate the Plaintiffs' claim.  *See Allen v. Muskogee, Okl.*, 119 F.3d 837, 840 (10thCir. 1997).  "Instead, the movant only bears the initial burden of 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  At that point, the Plaintiffs, as the nonmovants, have the burden of coming forward with evidence to demonstrate the existence of a genuine issue of material fact on their claims.  Plaintiffs have not done so because they deny that they are asserting individual discrimination claims.  For this additional reason, APS' motion for summary judgment should be granted.

**IT IS THEREFORE ORDERED** that *APS' Motion and Memorandum Brief in Support of Summary Judgment On The Claims of New Plaintiffs Added In The First Amended Complaint* [Doc. No. 153] is **GRANTED**, and Defendant APS is entitled to summary judgment on Plaintiffs' individual claims of discrimination under the ADA and Section 504 of the Rehabilitation Act.

_____
**UNITED STATES DISTRICT JUDGE**