IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BEV NELSON, as mother and next friend
of M.C., a minor child, et al.,**

          **Plaintiffs,**

vs.                                                                                       Civ. No.  07-1027 JH/RHS

**BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS and NEW MEXICO PUBLIC
EDUCATION DEPARTMENT,**

          **Defendants.**

## MEMORANDUM OPINION AND ORDER

The subject of this Memorandum Opinion and Order is *Defendant New Mexico Public Education Department's Motion for Summary Judgment on Plaintiff's Discrimination Claims and for Entry of Final Judgment* [Doc. No. 202]. The issues raised by this motion were prompted by the *Defendants' Joint Motion for Entry of Final Judgment in Favor of the Defendants* [Doc. No. 195], on which the Court held a hearing and heard oral argument from the parties. At that hearing, the Court concluded that there were no legal claims pending against Albuquerque Public Schools ("APS"), but that questions remained as to whether any of Plaintiffs' claims against Defendant New Mexico Public Education Department ("NMPED") survived. As a result, the Court denied the Defendants' joint motion but offered NMPED the opportunity to file a motion for summary judgment and the Plaintiffs the opportunity to explain how the Court's prior rulings on dispositive motions did not dispose of all of their claims against NMPED. Thus, the issue presently before the Court is whether or not all of Plaintiffs' claims have been ruled on through dispositive motions, or whether some claims remain for resolution at trial. After reviewing the briefs filed by counsel, as well as the Plaintiff's pleadings and this Court's prior rulings, the Court concludes that NMPED's

motion should be granted and final judgment should be entered in favor of the Defendants.

## DISCUSSION

In their response to the Defendants joint motion [Doc. No. 196], Plaintiffs identified two categories of claims that they contend remain to be tried to the Court. First, they argue that the original Plaintiffs' (specifically, the Nelson, Brown, and Herrera plaintiffs) pure discrimination claims against Albuquerque Public Schools ("APS") remain pending. Second, Plaintiffs contend that all of their pure discrimination claims under Section 504 of the Rehabilitation Act and the Americans With Disabilities Act against NMPED still remain.

### I.     Original Plaintiffs' Discrimination Claims Against APS

Plaintiffs argue that the Court has not dismissed the individual discrimination claims of the original Plaintiffs, Bev Nelson, Bernadette and Jim Brown, Dana Sawyers-Herrera and Miguel Herrera. Technically, Plaintiffs are correct that none of the Court's previous Memorandum Opinions and Orders have dismissed those particular claims. Rather, the Court has granted summary judgment to APS on all Plaintiffs' claims that it discriminated against them *as a group* on the basis of their disability, finding that Plaintiffs failed to come forward with evidence that autistic students miss more school than regular education students due to discrimination by APS. Doc. No. 191 at 7. Similarly, Plaintiffs failed to demonstrate that APS had any district-wide policy or practice of failing to train teachers to educate autistic children or to provide proper programming for autistic children generally. *Id*. at 7-8. Thus, the group discrimination claims are no longer pending. Furthermore, in a subsequent Memorandum Opinion and Order the Court addressed APS' motion for summary judgment on the *individual* discrimination claims of the seven Plaintiffs who were added in the First Amended Complaint. In their response to the motion (Doc. No. 160), Plaintiffs stressed that they were not asserting any individual claims of discrimination, but that rather their

2

discrimination claim rested solely on the theory that APS discriminated against autistic students as a group.  Doc. No. 160 at 2, 19.  Thus, Plaintiffs opposed the attempt by APS to "repackage" their group discrimination claim as a series of individual discrimination claims.  *Id*. at 19.  On the basis of these statements by the Plaintiffs, the Court granted summary judgment to APS on the individual discrimination claims "to the extent that the First Amended Complaint may be construed to contain them."  Doc. No. 194 at 5.

Now, Plaintiffs have seemingly changed course as they advocate for the survival of the individual discrimination claims of the three original Plaintiffs—claims that they previously stated did not exist.  *See* Doc. No. 196 at 4.  Plaintiffs neither explain this change in position nor attempt to distinguish the individual discrimination claims of the three original Plaintiffs from those of the seven Plaintiffs added in the First Amended Complaint.  *Id.*  Based on the current record, the Court can discern no reason to differentiate those claims, which are claims that Plaintiffs have plainly stated that they are not asserting.  It makes little sense to withhold final judgment in favor of APS on the basis of claims or theories of liability that the Plaintiffs have expressly disavowed.  Thus, APS is entitled to a final judgment in its favor.

**II.**     **All Plaintiffs' ADA and Section 504 Discrimination Claims Against NMPED**

Plaintiffs have argued that their discrimination claims against NMPED under both the ADA and Section 504 of the Rehabilitation Act remain pending.  They point out, correctly, that NMPED never filed a motion to dismiss or a motion for summary judgment regarding those claims. Plaintiffs characterize their discrimination claims against NMPED as stemming from its "deliberate indifference to [Plaintiff children's] inability to receive uninterrupted full school day and year attendance in the local school district, APS."  Doc. No. 196 at 3 (citing First Amended Complaint, Doc. No. 98, at ¶¶ 65, 146-166).  Plaintiffs further argued that their discrimination claims against

3

NMPED are entirely independent from their discrimination claims against APS, which have been dismissed. However, lacking from the record at the time of the hearing were facts upon which Plaintiffs could rest their discrimination claims against NMPED. At the hearing on the joint motion for entry of final judgment, the Court ruled that NMPED could file a motion for summary judgment on Plaintiffs' claims, thus giving both parties an opportunity to better explain their positions in writing.

The Court concludes that NMPED's motion for summary judgment should be granted. Plaintiffs have failed to show that any portion of their discrimination claims against NMPED survive the Court's prior rulings. First, the Court turns to Plaintiffs' contention that NMPED has discriminated against all autistic students at APS. NMPED argues that Plaintiff cannot recover against NMPED for failing to properly supervise APS in its provision of educational service to autistic students because APS has been found not liable to Plaintiffs. Plaintiffs implicitly cede this argument, stating that their First Amended Complaint is not restricted to allegations of failure to supervise. Doc. No. 203 at 4. Rather, Plaintiffs point to their allegations that "NMPED knew students with autism in APS were being excluded from full school attendance, as evidenced by a variety of fact patterns, because of *a failure to have properly trained staff*." Doc. No. 203 at 4 (citing First Amended Complaint at ¶ 155) (emphasis in original). *See also id.* at 5 (citing a "failure of state-level teacher training requirements). Confusingly, Plaintiffs' counsel disavowed this theory of liability at the March 15, 2011 hearing, stating "this case has never been about trying to prove to this Court that APS or the Public Education Department is discriminating by not training teachers, because that's a very hard proof." Notwithstanding Plaintiffs' abrupt changes in position on this issue, the fact remains that Plaintiffs have failed to come forward with evidence to support their theory that autistic students miss more school than non-disabled students because NMPED has failed

4

to implement proper teacher training. Plaintiffs did not come forward with this evidence when faced with a motion for summary judgment by APS, and they do not come forward with it now. The purpose of a motion for summary judgment is to determine whether there is a genuine issue of material fact to be decided at trial. Thus, at this stage Plaintiffs must come forward with more than bare allegations that NMPED's failure to train teachers has resulted in the loss of educational opportunities for autistic students—they must come forward with evidence from which a reasonable jury could find in their favor. Plaintiffs could cite no such evidence at the hearing, and despite being given the opportunity to do so in writing, that have brought forward no evidence now. Accordingly, Plaintiffs' claim that NMPED has discriminated against them as a group by failing to provide proper training to teachers (to the extent Plaintiffs are espousing this theory) fails for lack of evidence.

The Plaintiffs' First Amended Complaint arguably could be read to include claims that NMPED discriminated against them as individuals. APS moved for summary judgment on those individual claims, and Plaintiffs stated in their response that they were not seeking to prove individual claims of discrimination. Plaintiffs argued that "[t]he claims of the families is the unified claim brought in the lawsuit . . ." Doc. No. 160 at 2. Plaintiffs rejected APS' attempt to analyze the discrimination claim of each individual child as "clear attempts to balkanize Plaintiffs' claim" because "[t]he collective stories of Plaintiff children show a pattern." *Id.* at 19. According to Plaintiff's theory, "[e]ach family is making claim [sic] for his or her child based not just on that family's history but also on the evidence of the educational histories of other students with autism within the APS. Deconstruction of Plaintiffs' claims by isolation of each family from the other is inconsistent with Plaintiffs' theory of liability and method of proof." *Id.* at 20. The Court construed these statements as acknowledgment by Plaintiffs that they were bringing only a group claim of discrimination, and therefore dismissed Plaintiffs individual discrimination claims to the extent the

5

First Amended Complaint could be construed to contain them. *See* Doc. No. 194. Now, Plaintiffs contend that they continue to have individual discrimination claims against NMPED. However, having previously disavowed such claims, Plaintiffs cannot reassert them now.

Furthermore, Plaintiffs have not shown that their claims against NMPED are not derivative of their claims against APS. They argue that by failing to train APS teachers, NMPED deprived them of the opportunity to attend school. Yet, the Court has already concluded that Plaintiffs have failed to show that a lack of teacher training by APS resulted in fewer hours of education for them and other autistic children; indeed they have stated that they do not rely on such proof. *See* Doc. No. 191 at 7-8. The claim against NMPED is the same, and therefore for the same reasons set forth in this Court's Memorandum Opinion and Order of September 30, 2009, it should be dismissed as well.

**IT IS THEREFORE ORDERED** that *Defendant New Mexico Public Education Department's Motion for Summary Judgment on Plaintiff's Discrimination Claims and for Entry of Final Judgment* [Doc. No. 202] is **GRANTED**, and summary judgment is entered in favor of Defendant NMPED on all of Plaintiffs' claims against it.

**IT IS FURTHER ORDERED** that the original Plaintiffs' discrimination claims against Defendant APS are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE