UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BEV NELSON, as mother and next friend
of M.C, a minor child, et al.

        Plaintiffs,

v.                                                             Cv. No. 07-1027 JH/RHS

BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS and NEW MEXICO
PUBLI EDUCATION DEPARTMENT,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the individual Plaintiffs' *Motion to Set Aside the Clerk's Order on Costs* (Doc. No. 214). Plaintiffs ask this court to review and set aside the Clerk's Order Settling Costs for Defendants Albuquerque Public Schools (APS) and New Mexico Public Education Department (NMPED). Plaintiffs contend that the costs ordered by the clerk are not allowed by law in accordance with D.N.M.LR-Civ. 54.2(b)(2)(C) and, in the alternative, the Court should view them as excessive. In addition, the Plaintiffs ask that the court refuse to hold them jointly and severally liable for the costs. The Court, having reviewed Plaintiff's motion, the relevant law, and being otherwise fully informed, finds that Plaintiffs' motion should be granted in part and denied in part.

## PROCEDURAL HISTORY

The Court granted final judgment in favor of Defendants on February 24, 2012. (Doc. 210). APS timely filed a bill of costs in its Motion to Tax Costs on March 20, 2012. (Doc. 212). In the absence of a response from the Plaintiffs, on April 18, 2012, the Clerk entered an Order Settling Costs in the amount of $22,031.11. (Doc. 213). On April 25, 2012, Plaintiffs filed their

Motion to Set Aside the Clerk's Order on Costs and to Deny Defendant APS's Cost Bill. Though failure to timely respond effectively constitutes consent, the Court has considered the merits of Plaintiffs' motion. While the Court remains convinced that many of the costs should be taxed to Plaintiffs as the non-prevailing parties, it concludes that some of the costs are not allowable. Accordingly, the Court upholds the Clerk's Order Settling Costs in part and grants the Plaintiffs' motion in part.

## **LEGAL STANDARD**

Fed. R. Civ. P. 54(d)(1) states that costs "should be allowed to the prevailing party." This rule leaves broad discretion to the district court when awarding costs to a prevailing party. *In re Williams Sec. Litig. – WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009). The Tenth Circuit has articulated two requirements that limit the district court's discretion when awarding costs. *In re Williams Sec. Litig. –WCG Subclass*, 558 F.3d at 1147. First, there is a "presumption that the district court will award costs to a prevailing party." *Id*. (quoting *Cantrell v. Int'l Bhd. Of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995)). Second, the court must provide a valid reason for denying such costs. *Id*.

The burden initially rests on the prevailing party to establish the amount to which it is entitled. *Id*. After this initial showing, the "burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed." *Id*. The clerk may tax deposition costs and copies if they are "necessarily obtained for use in the case." 28 U.S.C.A §1920(2), (4). Under our Local Rules for this judicial district, deposition costs that are reasonably necessary to the litigation may be taxed to the non-prevailing party. A deposition is "reasonably necessary" where: (1) "a substantial portion of the deposition is admitted into evidence or used at trial . . ." (2) a the deposition is "used by the Court in ruling on a motion for summary judgment," or, (3)

"the Court so determines." D.N.M.LR-Civ. 54.2(b)(2). Therefore, the non-prevailing party must show that the costs being imposed by the clerk were not "reasonably necessary." *Mitchell v. City of Moore, Okla*, 218 F.3d 1190, 1204 (10th Cir. 2000). This is a question of fact left to the "sound discretion" of the Court. *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1340 (10th Cir. 2007). However, the Court does not determine what is "reasonably necessary" based on the circumstances when the challenge is presented. *Id*. Instead, the Court considers what actions were reasonably necessary "at the time the expenses were incurred." *Id*. "We do not employ the benefit of hindsight in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case." *In re Williams*, 558 F.3d 1144, 1148 (citing *Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)).

A motion to dismiss does not alter the evaluation made by the court. *Callicrate*, 139 F.3d. at 1341. The taxing of costs continues to depend on whether they were reasonably necessary at the time they were incurred. *Id*. Though the discovery costs do not aid the Court in the ultimate decision, adequate representation does not merely cover "depositions directed solely to the jurisdictional issue." *Id*. Given the complexity of federal litigation, parties must "fully prepare their case on the merits, even if dismissal on jurisdictional grounds seem[s] likely." *Id*.

## DISCUSSION

Plaintiffs argue that the depositions taken by APS and the requested copies were not necessary to the disposition of the case. Doc. 214 at p. 7. The costs contested by Plaintiffs include depositions totaling 3,729 pages. *Id*. In part, APS justifies these costs as reasonably necessary to the ligitation by relying on the Court's statement that it had "considered the evidence filed by the parties in connection with the motion to certify a class action." Doc. 185 at 1, n. 1. Plaintiffs remind the Court that it dismissed the case based on failure to exhaust

administrative remedies. Doc. 210. Plaintiffs therefore argue that the extensive discovery pursued by the Defendants was not "reasonably necessary," as Defendants could have filed the Rule 12 motion at the outset of litigation.

## I. Most of the deposition costs taxed by the clerk were "reasonably necessary" at the time they were incurred

The fact that the depositions at issue were not used in the ultimate disposition of the case does not preclude the taxing of costs for these items. As discussed in *Callicrate*, the issue is whether it was reasonable for APS to proceed with a give deposition "at the time it was taken." 139 F.3d at 1340. Plaintiffs mischaracterize the legal standard allowing for costs by stating that costs must be reasonably necessary to the end result. Rather, the standard is whether the party's action was reasonably necessary for "proper preparation of the case." *Id*. It is not necessary that the material gathered be used in the final outcome. *Id*. "It would therefore be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case." *Id*. "Any rule that permits costs only for depositions received in evidence or used by the court in ruling upon a motion for summary judgment is narrower than Section 1920." *In re Williams*, 558 F.3d at 1149.

Here, in light of the posture of the case at the time, most of the depositions in question were reasonably necessary for the proper preparation of the case. First, the Court did rely upon the transcripts of the depositions of James Domina, Kim Domina, John Gonzales, Dana Sawyers-Herrera, Mayline Jaramillo, Diane Kreitinger, Regina Stance, and Crela Torres in ruling on the motion for class certification. In particular, the Court considered the evidence in evaluating whether the Plaintiffs established the requirements of commonality and typicality, and discussed

4

the evidence in the body of the opinion.  *See* Doc. 185 at 15-17.  Further, the Court agrees with APS when it points out that Plaintiffs' reliance upon their own affidavits to support their request for class certification provided justification for APS to depose Plaintiffs in order to counter those factual assertions.  Second, APS' decision to depose the other Plaintiff parents—Melissa Bancuk, James Bancuk, Bernadette Browne, Miguel Herrera, Timothy Kreitinger, Mark Martinez, Antionette Montoya, Bev Nelson, and Ronald Torres—was reasonable in light of the posture of the case.  At the time these depositions were taken, Plaintiffs motion for class certification was pending, as were their respective discrimination claims and claims under the Individuals with Disabilities Education Act.  It was entirely reasonable for the defendants to depose the plaintiffs in order to obtain discovery on the nature of their claims so that it could mount a defense and prepare dispositive motions.  Indeed, defendants cited portions of the deposition transcripts of each of the foregoing Plaintiffs in at least one brief, with some of them being cited on multiple occasions.

On the other hand, the need for the depositions of non-party parent Simon Chavez and student Matthew Chavez (then known as "M.C.") is less clear.  In its Amended Motion to Tax Costs, APS states that it deposed M.C. and his father, but it does not explain why.  The other deponents were parents who were parties to the litigation, and thus these two depositions were out of step with the others.  Furthermore, the need for these depositions is not evident in light of the fact that no excerpts from these deposition transcripts were used in support of a motion or brief.  The Court concludes that APS has failed to show that the depositions of Simon and Matthew Chavez were reasonably necessary to the litigation at the time they were taken, and therefore it may not recover those costs, which are $555.78 and $253.83, respectively.

APS may recover the cost of obtaining copies of depositions that Plaintiff took of four APS employees, Mary Ann Trott, Costa Pavlakos, Esther Keeton, and Karen Hoover. Where, as here, the plaintiffs have accused an entity of wrongdoing, it is reasonable for that defendant entity to obtain copies of the transcripts of its employees' depositions. APS also may recover the cost of the transcript of the deposition of Dr. Andrew Egel, an educational consultant on autism. Plaintiffs took the deposition, but both parties relied on Dr. Egel's testimony in their briefing. That deposition also was reasonably necessary to the litigation. "Where the plaintiff believes it was reasonable to take a deposition, the defendant could reasonably obtain a copy." *Mitchell v. City of Moore, Okla*, 218 F.3d 1190, 1204 (10th Cir. 2004). In addition, APS may recover the cost of the deposition of Will Skaggs, a caretaker in the home of Matthew Chavez.[1] APS deposed him in order to rebut Plaintiffs' claims regarding Matthew Chavez' non-attendance at school. As the plaintiff children's school attendance was a central issue in the lawsuit, the Court finds this deposition (which was cited in the briefing) to be reasonably necessary.

Finally, Plaintiffs argue that APS' failure to file a motion to dismiss before discovery should preclude recovery of those costs. The Court disagrees. In other situations, it may be unjust to tax discovery costs to a plaintiff when a defendant fails to raise exhaustion requirements until late in the proceedings. In such circumstances, the plaintiff may continue with a costly course of litigation without being aware of other available remedies. This is not a valid concern in the present case. Plaintiffs were aware of the exhaustion requirements from the very outset of the lawsuit and argued against them in ten paragraphs of the Plaintiff's First Amended Complaint. (Doc. 21, Ex. 1 ¶18-27). Plaintiffs again addressed the exhaustion

---

[1] While in its amended motion APS did not include Mr. Skaggs on the itemized list of individuals whose deposition costs it sought to recover, it did include the receipt for his deposition among the supporting documents it provided with its request to recover costs. In its response brief (Doc. 215), APS clarified that the omission of Mr. Skaggs from the itemized list was an oversight.

6

requirements and argued against their applicability in *Plaintiff's Reply in Support of Motion to File First Amended Complaint*. (Doc. 32). Despite evident knowledge of the exhaustion requirements, Plaintiffs decided to pursue this involved putative class action and continued to argue against their applicability.

Plaintiffs cannot now argue that APS should have raised the exhaustion defense sooner. Plaintiffs were arguing against the very application of the requirements and urging the Court to ignore them. While Plaintiffs did not "successfully convince the Court that a decision on exhaustion was premature" as APS suggests, Plaintiffs did make it clear that this was their position:

> Plaintiffs alleged in the original Complaint that exhaustion of administrative IDEA remedies was excused based on the futility of IDEA due process for addressing and remedying the systemic issues raised. *See* Doc. 21, Ex. 1 ¶15-19. This issue will need to be addressed by the Court *with the benefit of full briefing after discovery*" (emphasis added).

(Doc. 32, p. 2). It was prudent of APS to prepare for legal arguments outlined in the Plaintiff's Amended Complaint. Plaintiffs made it clear that they would oppose any motion to dismiss by arguing against the exhaustion requirements. APS therefore needed to adequately prepare its case and as it saw fit at the time.

In such a complicated case such as this, discovery costs often run in the tens of thousands of dollars. It was incumbent on the defense to prepare for the case that Plaintiffs chose to argue. The Court therefore views the course of discovery pursued by the Defendants as "reasonably necessary" as required by law and precedent.

## II. Travel costs and witness fees

In accordance with *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990), APS withdraws its request for $300 in attorney travel expenses for the deposition of Dr. Egel. This cost will not be recoverable.

As for the $40 witness fees paid to Plaintiffs Miguel Herrera and Crela Torres, the Court concludes that those fees are recoverable. At the time their depositions were scheduled, Herrera and Torres were not parties because the First Amended Complaint adding them to the lawsuit had not yet been filed. Thus, under the circumstances the witness fees were a necessary and reasonable cost of the litigation.

## III. Plaintiffs should be held jointly and severally liable for the costs taxed by the Clerk

Plaintiffs in this case decided to join together and pursue a unified course of litigation. APS reasonably undertook the extensive discovery practice as a direct result of Plaintiffs' decision to pursue class-wide relief. All of the Plaintiffs also made the decision to pursue their substantive claims in federal court without having exhausted their administrative remedies. While it is true that the costs will be born by the families of autistic children, the Court sees no compelling reason to shift these costs to APS, and by extension to the taxpayers, who are not responsible for this expensive litigation. Generally, costs are imposed jointly and severally when the parties' cases are different in a discernible way. It is logically inconsistent for Plaintiffs to bring this action as a putative class action, and then later assert that they have claims that are meaningfully different. APS incurred these costs in order to defend against not only the Plaintiffs' individual claims, but also against certification of an entire class of plaintiffs that would have been much larger than just the named Plaintiffs in the lawsuits. Having pursued this

course of action that required, almost by definition, a more expensive course of discovery, Plaintiffs must bear the costs of that decision. Thus, Plaintiffs' liability for costs will be joint and several.

## CONCLUSION

**IT IS THEREFORE ORDERED** that *Plaintiffs Motion to Set Aside the Clerk's Order on Costs* [Doc. 214] is hereby **GRANTED IN PART** and **DENIED IN PART** such that the Clerk's Order Settling Costs is affirmed, less $300 for travel expenses that APS no longer claims, $253.83 for Matthew Chavez's deposition, and $555.78 for Simon Chavez's deposition , in the total amount of $20,921.50

**IT IS FURTHER ORDERED** that the Plaintiffs are held jointly and severally liable for the total amount specified above.

_____
**UNITED STATES DISTRICT JUDGE**